IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**MIRINDA THOMAS**                                                                                    **PLAINTIFF**

**VS.**                                                                                  **Case No. 1:05cv707-KS-MTP**

**HENRY J. PREVOU, ET AL.**                                                               **DEFENDANTS**

## ORDER ON MOTION FOR SANCTIONS

THIS MATTER is before the court on the Motion for Sanctions [190] filed by the defendants. The court having considered the submissions of the parties, the arguments of counsel, and the applicable law, finds that the Motion [190] should be GRANTED in part and DENIED in part.

Defendants filed their Motion for Sanctions [190] in response to the Notice of Intent to Utilize Certified Records [171] filed by plaintiff on September 7, 2007. One of the records plaintiff sought to certify was a letter from Dr. Ron Graham, the defendants' consulting examiner and expert, to plaintiff's counsel dated March 7, 2007. Defendants claim that after the independent medical exam of plaintiff by Dr. Graham on September 6, 2006, plaintiff's counsel had improper *ex parte* communications with Dr. Graham, which resulted in Dr. Graham's deposition testimony that he was the plaintiff's "treating physician." Defendants claim that such conduct by plaintiff's counsel is sanctionable.

While the parties have divergent renditions of what actually happened, it is clear that plaintiff's counsel had *ex parte* communications with the independent physician retained by the defendants, which the court deems improper. Moreover, the independent physician is no longer

"independent" now that he is one of the plaintiff's "treating physician," as plaintiff alleges.[1]

This court has broad discretion to exercise its various sanctioning powers. *Topalian v. Ehrman*, 3 F.3d 931, 934 (5th Cir. 1993). The United States District Court for the Northern District of Mississippi has stated that "the independence of the Rule 35 examining physician should be preserved at all times." *Ewing v. Ayres Corp.*, 129 F.R.D. 137, 138 (N.D. Miss. 1989). The court further stated that "in order to insure this independence, no party to the litigation should provide the examining physician with information absent a request from the physician and approval of the court . . . [and] no party should have any contact that gives the appearance of influencing the independence of the examination." *Ewing*, 129 F.R.D. at 138. The court held that because the plaintiff's attorney had provided the physician with a copy of a medical deposition prior to the examination, and because the defendant's counsel had contacted the physician to provide "unsolicited" information, the physician's independence was "sufficiently questioned to warrant another examination pursuant to Rule 35." *Id.* The court also sanctioned plaintiff's counsel with the costs of the examination.

While the court need not determine whether plaintiff's counsel's *ex parte* communications with Dr. Graham were committed intentionally to "perpetuate a ruse" as defendants suggest,[2] the court does find that plaintiff's counsel's *ex parte* communications with Dr. Graham and plaintiff's apparent efforts to form a physician-patient relationship sufficiently called into question Dr. Graham's independence.[3] *See Ewing*, 129 F.R.D. at 138; *see also Koch*

---

[1]*See* plaintiff's Response [199] at 5-8.

[2]See defendants' Motion [190] at ¶ 16.

[3]*See* plaintiff's Response [199] at 5-8.

*Refining Co. v. Boudreaux*, 85 F.3d 1178, 1181 (5th Cir. 1996) (internal citation and quotations omitted) (stating that in a case where an expert switched sides, "no one would seriously contend that a court should permit a consultant to serve as one party's expert where it is undisputed that the consultant was previously retained as an expert by the adverse party in the same litigation and had received confidential information from the adverse party pursuant to the earlier retention"). Accordingly, the court finds that the appropriate remedy is to prohibit both sides from using Dr. Graham as an expert or utilizing his records or testimony in any matter. *See Ewing*, 129 F.R.D. at 138.

    IT IS, THEREFORE, ORDERED:

    1.    That defendants' Motion for Sanctions [190] is GRANTED in part and DENIED in part. Both parties are prohibited from utilizing Dr. Graham's testimony, opinions, or records in this matter.

    2.    That if the defendants desire to secure a new examination of the plaintiff pursuant to Federal Rule of Civil Procedure 35, they shall do so by March 3, 2008. Plaintiff shall promptly submit to such examination if requested by the defendants.

    3.    That to the extent defendants' motion requests *in limine* relief, such relief is DENIED and the defendants are instructed to direct such requests to the district court judge.

    4.    That all other relief requested in defendants' motion is DENIED.

    SO ORDERED this the 1st day of February, 2008.

                                          s/ Michael T. Parker
                                          United States Magistrate Judge